[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM, FINDINGS AND ORDER RE: COUNSEL FEES FOR ALLOWANCE TO PROSECUTE
The Court finds that the divorce action of the parties is pending in this court and that its progress has been marked by bitterness. Neither the Plaintiff nor the defendant is in good financial circumstances. The plaintiff's previous attorney was CT Page 9839 permitted to withdraw for reasons related to noncooperation of the plaintiff in following his advice. According to documents filed at the time he withdrew, the plaintiff s prior attorney differed with her concerning the filing of several complaints against previous judges and attorneys in the case, which her prior attorney felt were unwarranted and contrary to his advice. He was permitted to withdraw by the court, Sequino, J. The plaintiff had paid her attorney $7500.00 and still owes him an additional $43,000.00. The result has been that for several months the plaintiff has attempted to represent herself. The defendant borrowed funds to pay for his own attorney from his sister and has not repaid that debt. His attorney now claims to be acting on a pro bono basis. After payments of court ordered support and social security deductions the defendant is left with little disposable income.
The question presented is a difficult one in light of the financial circumstances of the parties. The plaintiff cannot come up with this retainer money because of her financial circumstances, lack of employment and child care responsibilities. The defendant has his own very real financial burdens which show in his financial statement. The only distinction between the two is that the defendant has some substantial income, although it is burdened by much expense. In light of all the circumstances, the court orders the defendant to pay to the plaintiff an allowance to prosecute of $1,000.00, and no more, payable in weekly installments of $75.00 commencing on the 4th Friday of December 1996 and continuing on each and every Friday thereafter until the sum of $1000.00 has been so paid to an attorney retained by the plaintiff.
The court orders that these payments be paid to the new attorney retained by the plaintiff and that if no such new attorney is retained that the defendant shall not be so obligated So ordered.
FLYNN, J.